**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| STEVEN WARNER, | Case No. 3:19-cv-00095 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| GREENE COUNTY JAIL STAFF, et al, | |
| Defendants. | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Steven Warner, an inmate at the Lebanon Correctional Institution, brings this case pro se asserting many constitutional claims concerning his previous detention at the Greene County, Ohio Jail.

The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for an initial review to determine whether his complaint, or any portion of it, must be dismissed because it fails to state a plausible claim for relief or because it is factually or legal frivolous. *See* 28 U.S.C. §§ 1915(e), 1915A(a); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Barnett v. Kalamazoo Cnty. Community Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. 2018). A claim is plausible when the complaint's factual allegations "'raise a right to relief above the speculative level,'"

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (citations omitted), and create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation omitted). "[C]onclusory statements do not suffice." *Id*.

A complaint is frivolous only when it fails to raise "'a claim with an arguable legal claim based on rational facts.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989)). A rational factual basis is absent when the complaint's allegations are "fantastic or delusional." *Id.* No arguable legal claim exists when the complaint rests on "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See id.*

When conducting an initial review, the Court accepts as true a complaint's factual allegations, *Hill*, 630 F.3d at 471, and liberally construes pro se complaints in the plaintiff's favor, *Davis v. Prison Health Services*, 679 F.3d 433, 437 (6th Cir. 2012); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999); *see also Lee v. Wilson County Jail, Lebanon*, No. 16-5981, 2017 WL 2819220, at *1 (6th Cir. 2017).

Liberally construing Plaintiff's pro se Complaint and Amended Complaint in his favor, he seeks to bring many constitutional claims against many defendants under 42 U.S.C. § 1983. The elements of a § 1983 claim are (1) a person acting under the color of state law (2) deprived Plaintiff of a right protected by the Constitution or laws of the United States. *See Shadrick v. Hopkins County, Ky*., 805 F.3d 724, 736 (6th Cir. 2015).

Plaintiff names two defendant groups of people—the Greene County Jail Staff and the Medical Department Staff. At best for Plaintiff, each of these groups consist of jail personnel. As such, each group is a mere arm of Greene County rather than a "person" under § 1983. And neither group has the legal capacity to be sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (County police department is not an entity that may be sued); *see also Black v. Montgomery County Common Pleas Court*, 3:18cv00123, 2018 WL 2473560, at *1 (S.D. Ohio 2018) (and cases cited therein), *Report and Recommendations adopted*, 2018 WL 3193220, at *1 (S.D. Ohio 2018) (Rice, D.J.). Plaintiff's pleadings therefore advance indisputably meritless claims against the Greene County Jail Staff and the Medical Department Staff.

Additionally, affording Plaintiff's Complaint and Amended Complaint liberal construction and accepting his factual allegations as true reveals no plausible § 1983 claims against the named individual Defendants. "[E]ven pro se complaints must satisfy basic pleading requirements. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).... Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Gilmore v. Corrections Corp. of America*, 92 F. App'x 188, 190 (6th Cir. 2004); *see Howard v. Montgomery County Jail*, 3:16cv517, 2018 WL 3020216, at *6 (S.D. Ohio 2018), *Report and Recommendations adopted*, 2018 WL 3832946, at *1 (S.D. Ohio 2018) (Rose, D.J.). Although Plaintiff's Complaint lists the individual Defendants in the caption but raises no allegation against them in the body of Complaint, it fails to raise a plausible § 1983

3

claim. *See Gilmore*, 92 F. App'x at 190. To the extent the body of Plaintiff's pleadings identify certain individual Defendants, which it infrequently does, he omits sufficiently serious allegations that—when accepted as true and liberally construed in his favor—connect any particular individual Defendant to a violation of his constitutional rights. Plaintiff's claims are therefore conclusory and fail to raise a plausible § 1983 claim against any individual Defendant.

Accordingly, dismissal of Plaintiff's Complaint and Amended Complaint is warranted under 28 U.S.C. § 1915(e)(2) and § 1915A(b)(2).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint and Amended Complaint be dismissed under 28 U.S.C. §1915(e)(2) and § 1915A(b)(2); and

2. The case be terminated on the Court's docket.

May 1, 2019

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).